

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

13 JUN 10 PM 1:11

| | | |
|---|---|---|
| ANGELO FLEMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) No. 3:13CV 549 | |
| | ) | |
| COMMERCIAL RECOVERY | ) | |
| SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, ANGELO FLEMING ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Indiana establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in South Bend, St. Joseph County, Indiana.

6. Plaintiff is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a business entity with an office located at 8035 East R. L Thornton, Dallas, Texas 75357.

8. Defendant uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Defendant communicated with Plaintiff, attempting to collect an alleged debt.

10. Upon information and belief, the alleged debt arises from transactions which were for personal, family and/or household purposes.

11. In its collection attempts, Defendant placed telephone calls to Plaintiff at his telephone number, (574) 276-xxxx.

12. In or around March of 2013, Defendant called Plaintiff and left him a voicemail message as he was unable to answer Defendant's collection call. *See* transcribed voicemails, attached hereto as Exhibit A.

13. Defendant's message to Plaintiff made multiple representations including, but not limited to, a decision will be made "involuntarily on your behalf" about a "case and file" that has

been made against Plaintiff and that if Defendant does "not hear back from Plaintiff today" a decision will be made. *See* Exhibit A.

14. Defendant left a voicemail message for Plaintiff which failed to meaningfully disclose the caller's identity. *See* Exhibit A.

15. Defendant left a voicemail message for Plaintiff which failed to disclose in that the communication was from a debt collector. *See* Exhibit A.

16. Defendant's message suggests that a lawsuit has been, or is about to be filed, against Plaintiff and further attempts to intensify the purported severity of its call by suggesting that Defendant needs to "hear back from Plaintiff today" otherwise "decisions have to be made involuntarily" on Plaintiff's behalf. *See* Exhibit A.

17. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a) Defendant violated § 1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

    b) Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant did not provide the identity of the caller or the nature of the debt.

3

c) Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

d) Defendant violated § 1692e(10) of the FDCPA by using deceptive means in its attempts to collect a debt.

e) Defendant violated § 1692e(11) of the FDCPA by failing to disclose in communications that the communications is from a debt collector.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

19. Actual damages to compensate Plaintiff for his mental anguish, emotional distress, anxiety, inconvenience, and the disruption of his day caused by Defendants in an amount to be determined by the trier of fact pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

20. Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k.

21. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k.

22. Any other relief that this court deems to be just and proper.

Dated: June 4, 2013                    RESPECTFULLY SUBMITTED,

By: _____

Douglas Baek
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: 323-988-2400 x244
Fax: 866-829-5083
dbaek@consumerlawcenter.com
Attorney for Plaintiff

4