UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANGELO FLEMING,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMERCIAL RECOVERY<br>SYSTEMS, INC.,<br><br>        Defendant. | Civil Action No. 3:13-CV-549-JVB-CAN |

**ORDER**

Plaintiff complained under the Fair Debt Collection Practices Act ("FDCPA") (DE 1), and had service effected upon the named Defendant, Commercial Recovery Systems, Inc., on June 26, 2013. (DE 3.) Defendant never responded; and the Clerk entered default against it on July 26, 2013. (DE 8.) Plaintiff has since moved for a default judgment in the amount of $3,434.50, of which $1,000 represent statutory damages, $1,943.50 represent fees for attorneys and a paralegal, and $400 consist of costs. (DE 9); *see also* 15 U.S.C.§ 1692k(a) (establishing debt collectors' liability for such statutory damages, costs, and "a reasonable attorney's fee"). Though aware of the lawsuit (*see* Aff. Service, DE 3 at 2), Defendant has elected to remain on the sidelines, contesting nothing.

Plaintiff's filings, including the well-pled allegations of the Complaint, and Defendant's failure to object, together, constitute an adequate basis for the requested award of $1,000 in statutory damages. *See* 15 U.S.C.§ 1692k(a); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (affirming an award of the $1,000 maximum in statutory damages where the defendant

neglected to contest an award of the maximum and did not claim that the violation of the statute had been an unintentional, "bona fide error").

The $400 in costs sought by Plaintiff consists of only the Court's filing fee, which is recoverable in full. *See* 28 U.S.C. § 1920(1).

This leaves the request for $1,943.50 in attorney's fees. The Court must ensure the reasonableness of this amount.[1] Not long ago, this Court checked the reasonableness of an attorney's fee request in another FDCPA case, *Sarah Wiese v. National Processing Group, LLC*, civil action number 3:12-CV-558. There, plaintiff's counsel obtained the same $1,000 recovery of statutory damages for her client and billed at a $250 hourly rate. Her paralegal's rate was $125 per hour. In this case, the hourly rates claimed by Plaintiff's counsel and paralegal were higher. Attorney Douglas Baek billed at $290 per hour; attorney Ryan Lee billed at $387 per hour; and their paralegal billed at $145 per hour. But because the attorneys and paralegal in this case were

---

[1] The Honorable Theresa L. Springmann, United States District Judge for the Northern District of Indiana, Fort Wayne Division, detailed a framework for this process as follows:

> Plaintiffs who prevail under the FDCPA are entitled to an award of costs and reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3); *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P. C.*, 574 F.3d 852, 856 (7th Cir. 2009). Such an award is mandatory. *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997). The general rule for calculating attorneys' fee awards under fee shifting statutes is applicable to attorneys' fees awards under the FDCPA. *Gastineau v. Wright*, 592 F.3d 747, 748–49 (7th Cir. 2010). The starting point for calculating awards of attorneys' fees is the lodestar method, which requires calculation of a reasonable hourly rate multiplied by the number of hours reasonably expended on the litigation. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012). The Court may exercise its discretion to "adjust [the lodestar] figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Gastineau*, 592 F.3d at 748. "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999) (quoting *Bankston v. Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995)). In determining a reasonable amount of attorneys' fees, "the district court must demonstrate that it has considered the proportionality of attorneys' fees to the total damage award." *Moriarty v. Svec II*, 233 F.3d 955, 963 (7th Cir. 2001). The Seventh Circuit has mandated that district court orders should "evidence increased reflection before awarding attorney's fees that are large multiples of the damages recovered or multiples of the damages claimed." *Id.* at 968. Ultimately, the party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999).

*Bratton v. Thomas Law Firm, PC*, No. 1:12-CV-169, 2013 WL 1891364 (N.D. Ind. May 3, 2013).

so much more efficient than those in *Wiese*, in the sense that they obtained the same recovery for their client in far less billed time, the sum they are claiming in fees for attorney and paralegal work is less. The attorneys here are asking for $1,943.50, whereas the Court approved $2,300 in attorney's fees in the *Wiese* case. This shows that Plaintiff's attorneys' request in this case is reasonable. *See Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999) ("The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." (quoting *Bankston v. Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995))). The Court notes that it is not determining that Plaintiff's counsel's billing rates would be reasonable in this division for all cases, only that the fees requested are reasonable in this case.

This award of attorney's fees relative to damages is reasonably proportionate, and it will further the purposes of the FDCPA. *See Moriarty v. Svec*, 233 F.3d 955, 968 (7th Cir. 2000) ("[T]he district court should consider . . . proportionality factors in exercising its discretion in fashioning a reasonable attorney's fee."); *Tolentino*, 46 F.3d at 651–52 (explaining FDCPA enforcement contemplates having debtors act as private attorneys general).

Thus, the amount of Plaintiff's default judgment has been determined as follows:

- Statutory damages: $1,000
- Costs: $400
- Attorney's fees: $1,943.50
- **Total: $3,343.50**

The motion for default judgment (DE 9) is **GRANTED** in that default judgment on Plaintiff's Complaint shall be entered against Defendant, Commercial Recovery Systems, Inc., and in favor of Plaintiff, Angelo Fleming, in the amount of **$3,343.50**.

3

**SO ORDERED** on March 28, 2014.

                                        s/ Joseph S. Van Bokkelen
                                        JOSEPH S. VAN BOKKELEN
                                        UNITED STATES DISTRICT JUDGE